IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GAYNOR SMITH, #1684287, § | |
| Petitioner, § | |
| § | |
| v. § | 3:14-CV-1666-K-BK |
| § | |
| WILLIAM STEPHENS, § | |
| Director, TDCJ-CID, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be denied.

**I. BACKGROUND**

After waiving his right to a jury trial, Petitioner was convicted of indecency with a child by contact and sentenced to life in prison. *Smith v. Stephens*, No. F10-00138 (203rd Judicial District Court, Dallas County, 2010), *aff'd*, No. 05-10-01642-CR, 2012 WL 2926201 (Tex. App.—Dallas Jul. 19, 2012, pet ref.) (unpublished). The Texas Court of Criminal Appeals then denied state habeas relief without a written order. *Ex Parte Smith*, No. 81,002-01 (Tex. Crim. App. 2014). Doc. 13-8 at 1.

In his timely, *pro se* federal petition, Petitioner challenges the sufficiency of the evidence and an illegally-obtained incriminating statement, and asserts ineffective assistance of counsel. Doc. 1 at 6-7. Respondent argues the petition lacks merit, and Petitioner has filed a reply and a motion to stay and abate. Doc. 14; Doc. 18; Doc. 19.

## II. ANALYSIS

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," as the decision of the state court is reviewed under a "highly deferential standard" and afforded the "benefit of the doubt." *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). The deferential standard of review applies even where the state court, as in this case, summarily denied the state application without written order. *See Richter*, 562 U.S. at 100 ("§2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").

### **Sufficiency of the Evidence** (Claim 1)

Petitioner alleges the evidence presented at trial was insufficient to support his conviction because it rested entirely on the Complainant's testimony. Doc. 6 at 7. He asserts the Complainant testified that "Petitioner had touched her 'private part,'" but later stated that "she was mistaken as to whether or not Petitioner had penetrated her sexual organ." *Id.* Petitioner also claims "the Complainant created an identity void when she testified that she never saw the assailant's face during the alleged attack but assumed the attacker was the Petitioner because he

was the only male in the house when she went to sleep." *Id.* The Texas Fifth Court of Appeals rejected Petitioner's challenge and found the evidence sufficient to support his conviction:

> Appellant argues that the State's evidence was legally insufficient to prove the element of contact because (1) although appellant "may have intended some type of sexual encounter with the complainant," D.B. was "mistaken as to what actually occurred on the couch" because she "was frightened, 'in shock,' and emotionally upset by [a]ppellant's actions on the couch," (2) in appellant's written statement, he said only that he "tried to rub" D.B.'s vagina, and (3) Pryor did not testify that appellant "ever told her that he touched [D.B.'s] sexual organ with his hand, as alleged in the indictment." We disagree with appellant. D.B. testified unequivocally that appellant touched her vagina with his hand. The testimony of a child victim alone is sufficient to support a conviction for a sexual offense.

*Smith v. State*, 2012 WL 2926201, *1-2 (internal citations omitted).

The Court rejects Petitioner's invitation to re-evaluate the evidence presented at trial. Doc. 6 at 6-7; Doc. 18 at 1-2. "All credibility choices and conflicting inferences are to be resolved in favor of the verdict." *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir. 2005). A federal habeas corpus court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the prosecution. *Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995). Moreover, contrary to Petitioner's assertions, Doc. 6 at 7; Doc. 18 at 1-2, identity was never really an issue at trial since he confessed. Also, in addition to the victim's testimony that Petitioner was the only male present in the residence and near her at the time of the offense, Petitioner's girlfriend, Paula Pryor, testified that Petitioner later confessed to her that, indeed, he had gotten onto the couch with the victim and tried to touch her with his penis. Doc. 13-3 at 22, 27, 33, 48 (Vol. 3 Reporter Records).

The state appellate court did not err in concluding that the evidence, when viewed in the light most favorable to the prosecution, was sufficient to permit a rational jury to find Petitioner committed indecency with a child by contact. And, contrary to Petitioner's assertion, Doc. 6 at 6, the appellate court's decision was not based on an unreasonable determination of the facts in

light of the record, nor was its opinion contrary to established federal law.  See *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (a state prisoner is entitled to habeas corpus relief only if a court finds that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt.").  Accordingly, this claim fails.

### **Illegally-Obtained Confession (Claim 2)**

Next, Petitioner asserts that his custodial statements were involuntary because, *inter alia*, the detective persuaded him to alter his statement to more closely match that of the victim, and Petitioner's ability to think clearly was overborne by the detective's use of "close-ended" and suggestive questions during the interrogation.  Doc. 6 at 9; Doc. 18 at 2-3.  He complains further that the statement was neither videotaped nor recorded, and the detective could neither identify nor locate the civilian who allegedly witnessed Petitioner's signature.  Doc. 6 at 9; Doc. 18 at 2-3.

Defense counsel filed a pre-trial motion to suppress, which was carried by the judge with the bench trial on the merits.  Doc. 13-3 at 10, 64.  Following the presentation of the State's case-in-chief, which included the testimony of the victim and the detective, the trial court admitted the written statement, finding:

> Mr. Gaynor Smith was, in fact, in custody at the time of the interrogation and there was, in fact, an interrogation. So therefore *Miranda* and 38.22 of the Texas Code of Criminal Procedure both apply. I am also go[ing] to make the finding that warnings were given both that satisfy *Miranda* and 38.22, and that there was a voluntary, knowing and intelligent waiver of those rights by the defendant and that those waivers appear on the face of the statement.

Doc. 13-3 at 100; Doc. 12-7 at 8-9 (Clerk's Record).

On direct appeal, Petitioner argued the trial court had erred in failing to suppress the written statement, which he claimed had been coerced.  *Smith*, 2012 WL 2926201 at *3.  He also challenged the admission of the victim's written statement.  *Id.*  The court of appeals rejected

both claims, concluding that any error in the admission of the written statements was harmless. *Id.*. The Texas Court of Criminal Appeals refused his petition for discretionary review on the same claims, and subsequently denied his state habeas application.

The admission of an involuntary confession violates the due process guarantee of the Fourteenth Amendment. *Jackson v. Denno*, 378 U.S. 368, 376 (1964); *Williams v. Maggio*, 727 F.2d 1387, 1389 (5th Cir. 1984). Petitioner, however, has presented no facts that would lead the Court to conclude that the trial court erred in determining that his statement was voluntary. *See Uresti v. Lynaugh*, 821 F.2d 1099, 1103 (5th Cir. 1987) (habeas petitioner has burden of proving that confession was involuntary and unsupported conclusional allegations that police officers beat confession out of petitioner do not warrant habeas relief).

Moreover, the record supports the trial court's conclusion that Petitioner's confession was voluntary. On direct examination, the detective testified extensively regarding the circumstances of and procedures in obtaining Petitioner's statement: although the statement was not video recorded, a second detective observed from a different room, Doc. 13-3 at 54; Petitioner was not threatened or offered rewards or leniency in exchange for his confession, nor was he told what to write, Doc. 13-3 at 58, 61-62; Petitioner was advised of the *Miranda* warnings on multiple occasions, and prior to giving his written statement, Petitioner acknowledged receiving the warnings by initialing them and then signing that he understood his rights, Doc. 13-3 at 55-56; and Petitioner never requested counsel, was not prohibited from terminating the interview, and voluntarily confessed to the offense both orally and in writing, Doc. 13-3 at 58, 61. Petitioner's trial counsel <u>thoroughly</u> cross examined the detective on all the same grounds Petitioner has asserted here in support of his claim. Doc. 13-3 at 66-82. And, after being thoroughly admonished, Petitioner exercised his right not to offer testimony on the suppression issue. Doc.

13-3 at 90-91. Considering all of the evidence, this Court has no quarrel with the trial court's conclusion that Petitioner's statement was voluntary. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 226 (1973) (whether a defendant's confession was coerced is determined from the totality of the circumstances).

Based on the foregoing, Petitioner has failed to show that the state court's determination that his confession was voluntary was contrary to, or involved an unreasonable application, of clearly established federal law.   Accordingly this claim fails.

### Ineffective Assistance of Counsel (Claim 3)

Lastly, Petitioner claims trial counsel rendered ineffective assistance because, while he contested Petitioner's written and oral statements to the detective, he failed to object to the testimony of the victim and Paula Pryor regarding the substance of Petitioner's challenged statements. Doc. 6 at 10-11. As best as the Court can decipher, Petitioner argues that his right to contest the involuntary nature of his statements to the detective was waived by trial counsel's failure to contest the testimony of the victim and Pryor regarding the same subject matter. Petitioner's contentions are wholly unsupported.

The Court reviews ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

To establish ineffective assistance of counsel at trial, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.

*Strickland*, 466 U.S. 668, 687.  The Court need not address both components if the petitioner makes an insufficient showing on one.  *Id.* at 697.  To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness."  *Id.* at 689.  In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy.  *Id.* at 689.  Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

Petitioner has not shown a non-frivolous basis for trial counsel to have objected to the testimony of the victim and Paula Pryor merely because the witnesses recounted the same events included in Petitioner's confession.  To the extent that Petitioner may be complaining of Pryor's testimony that he confessed to her while he was in custody, he has no claim. "The Fifth Amendment privilege against self-incrimination prohibits admitting statements given by a suspect during 'custodial interrogation' without a prior warning.  Custodial interrogation means 'questioning initiated by law enforcement officers after a person has been taken into custody....'" *Illinois v. Perkins*, 496 U.S. 292, 296 (1990) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966).  Moreover, if it is the trial court's procedure of considering the issue of the voluntariness of the confession in the context of the bench trial, such procedure passes constitutional muster.  In a state or federal bench trial, the judge need not conduct a separate hearing on the voluntariness of the defendant's confession.  *Allen v. McCotter*, 804 F.2d 1362, 1363-1364 (5th Cir. 1986).

Because it is well established that trial counsel is not ineffective for failing to raise a meritless objection, trial counsel committed no error here. *See* Green v. Johnson, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness"). Moreover, considering the frivolous nature of Petitioner's arguments, he has also failed to show a reasonable probability that, but for counsel's failure to object, the outcome of his trial would have been different.

Petitioner has not shown that the state court's decision rejecting his claim of ineffective assistance of counsel was unreasonable. Therefore, this claim has not merit.

## Motion to Stay and Abate

In February 2015, long after briefing had concluded, Petitioner submitted a motion to stay and abate this case, pending a ruling on a second state habeas application, which he claims he submitted in March 2014. Doc. 19 at 1. Petitioner asserts the new application raises a double jeopardy claim, which he states stems from the fact that "two indictments were pending against him alleging two different Complaints from one single act of Sexual Assault." Doc. 19 at 1. Petitioner also maintains that he was unaware of the facts underlying the new claim until after he filed his initial state writ and obtained trial transcripts. Doc. 19 at 2. Presently, however, no new habeas proceeding is pending in state court with respect to the conviction in this case, at least according to online records.

Nevertheless, even when liberally construed, Petitioner's motion to stay and abate fails to make the requisite showing. A federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his claims. *See* Rhines v. Weber, 544 U.S. 269, 275-276 (2005). Under *Rhines*, a stay is appropriate only if the petitioner shows (1) good cause for the failure to exhaust his claims, (2) the unexhausted claims are

potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 278. In addition, Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (West 2015).

Here, a Texas court, if presented with a successive writ filed by Petitioner, would likely find it barred, *see Nobles v. Johnson*, 127 F.3d 409, 422-423 (5th Cir. 1997), and a state procedural bar provides an adequate basis to decline a request to stay and abate. *See Tumbwe v. Thaler*, No. 3:12-CV-1723-P, 2012 WL 5987579 * 4 n.4 (N.D. Tex. 2012) (collecting cases), recommendation accepted, 2012 WL 5990764 (N.D. Tex. 2012), *app. dism.*, No. 12-11015 (5th Cir. 2013). Although Petitioner claims to have only recently learned of the second state court indictment, the record reveals that the trial court referred to the other case during his trial. *See*, e.g., Doc. 13-3 at 8 (judge explaining at the start of trial that all of Petitioner's pretrial motions "filed in the previous case, Number F09-719462," were being transferred into the case number of the cause on which Petitioner was tried and convicted – F10-00138). Moreover, Petitioner's assertion of double jeopardy is, at best, premature since he has not yet been put to trial or punished a second time for the same offense, regardless of the existence of a second charging instrument. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. By what appears to be a clerical error, Petitioner has not been put in such jeopardy.

In any event, because Petitioner was aware of the two Dallas County cases at the time he filed the federal habeas petition now before this Court, and did not raise the issue, his new

federal claim is untimely, and a stay is not appropriate. See Tumbwe, 2012 WL 5987579 * 4 (denying motion to stay and abate because federal petition was untimely).

Accordingly, Petitioner's motion to stay and abate should be denied.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus and Petitioner's motion to stay and abate, Doc. 19, be **DENIED**.

SIGNED June 18, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE